1  Andrew D. Skale (SBN 211096)
   askale@mintz.com
2  Kara M. Cormier (*pro hace vice forthcoming*)
   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3  3580 Carmel Mountain Rd., Suite 300
   San Diego, CA 92130
4  Telephone: (858) 314-1500
   Facsimile: (858) 314-1501
5
   Attorneys for Plaintiffs,
6  LUMENIS, INC. and LUMENIS LTD.

7
                    **UNITED STATES DISTRICT COURT**
8
                    **SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| LUMENIS, INC., a Massachusetts Corporation, and LUMENIS LTD., a foreign corporation<br><br>Plaintiffs,<br><br>v.<br><br>CLINICAL INK, INC., a Delaware Corporation,<br><br>Defendant. | Case No. **'20CV2104 BAS AGS**<br><br>**LUMENIS, INC.'S AND LUMENIS LTD.'s COMPLAINT FOR:**<br><br>**1) TRADEMARK INFRINGEMENT;**<br>**2) UNFAIR COMPETITION UNDER THE LANHAM ACT;**<br>**3) COMMON LAW UNFAIR COMPETITION AND CAL. BUS. & PROF. CODE § 17200**<br><br>**JURY DEMANDED** |

Plaintiffs Lumenis, Inc. and Lumenis Ltd. (collectively, "Lumenis" or "Plaintiffs") bring this Complaint against Defendant Clinical Ink, Inc. ("Clinical Ink" or "Defendant") for trademark infringement, federal unfair competition, common law unfair competition, and violations of the California Business and Professions Code and allege as follows:

**THE PARTIES**

1.   Plaintiff Lumenis, Inc. is a Massachusetts corporation having its principal place of business at 2077 Gateway Place, Suite 300, San Jose, CA 95110.

2.   Plaintiff Lumenis Ltd. is a foreign company headquartered in Yokneam, Israel.

3.   Defendant Clinical Ink is a Delaware Corporation, with its principal place of business at 525 Vine Street, Suite 130, Winston Salem, NC 27101.

COMPLAINT

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims because they are between parties with complete diversity under 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.

5. This Court also has subject matter jurisdiction over the federal trademark infringement and federal unfair competition claims pursuant to 15 U.S.C. § 1121(a), § 1125 and 28 U.S.C. § 1338(a) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a) as all claims herein form part of the same case or controversy.

6. Personal jurisdiction and venue is proper in this judicial district, including under 28 U.S.C. sections 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in the district and Clinical Ink resides in this district by virtue of being subject to personal jurisdiction in this forum by, among others, its repeated availment and direction of its activity toward this district. Defendant conducts substantial business in California and in this district and therefore has sufficient contacts such that it would not offend traditional notions of fair play and substantial justice to subject Defendant to suit in this forum. Clinical Ink has further engaged in intentionally tortious conduct expressly aimed at this district. Indeed, Lumenis conducts substantial business in this district that is harmed by Defendant's infringing activities and unlawful conduct. Defendant also has the following additional express ties to this district: a former agent for service of process (Laurie Cenna, Defendant's Senior Director of Business Development) was located in this district, Defendant apparently has employees in this district,[1] Defendant attends and participates in numerous conferences in this district for purposes of supporting its efforts to offer goods and services in interstate commerce, and at one of these conferences in 2019, Jonathan Andrus, Defendant's Chief Business Officer, received an award.[2]

---

[1] https://www.glassdoor.com/Salary/Clinical-Ink-San-Diego-Salaries-EI_IE911329.0,12_IL.13,22_IM758.htm.

[2] See, e.g. https://www.arena-international.com/octsocal2019/sponsors (exhibitor), https://scdm2019.org/wp-content/uploads/2019/01/2016-Destination-San-Diego.pdf (participation in panels), and https://www.clinicalink.com/category/press-release/ ("Jonathan Andrus, Chief Business Officer at Clinical Ink, will receive the 2019 Excellence in Service Award from the Drug Information Association's (DIA) Americas Regional Advisory Council. … Andrus will be delivering two presentations on Tuesday, June 25, at DIA's global, annual meeting in San Diego, CA.").

## GENERAL ALLEGATIONS

### Lumenis' Valuable Trademarks

7. Lumenis is a global leader in the field of energy-based healthcare. It is active in the healthcare field, including aesthetic medicine, surgical instruments and ophthalmology instruments and related technologies. Many of its products are tested, reviewed and are the subject of numerous clinical trials and clinical research. Thus, Lumenis has successfully created solutions for previously untreatable conditions, as well as designed advanced technologies that have revolutionized existing treatment methods.

8. Lumenis owns a number of federally registered incontestable U.S. trademarks protecting its Lumenis brand (collectively, the "LUMENIS Marks"), all relating to goods and services in the healthcare field and elsewhere, including:

   a. Incontestable U.S. Registration No. 2,810,427 for the word mark LUMENIS; (attached as Exhibit 1)

   b. U.S. Registration No. 5,837,193 for the design and word mark (attached as Exhibit 2), shown below:

   ⓛ Lumenis

   c. U.S. Registration No. 5,834,863 for the word mark LUMENIS; (attached as Exhibit 3)

9. Lumenis has been using the LUMENIS Marks in interstate commerce since at least as early as 2001.

10. As a result of the longstanding use with respect to its goods and services, the LUMENIS Marks have become widely known throughout the United States (and elsewhere), are closely identified with Lumenis, and represent substantial, valuable goodwill.

### Clinical Ink's Wrongful Use of the LUMENIS Marks

11. Clinical Ink is a service provider in the healthcare industry.

1        12.     Clinical Ink provides solutions for clinical research, data management, and
2 monitoring of clinical healthcare trials.
3        13.     Clinical Ink named the platform that it uses for its services "Lumenis" ("the
4 Infringing Mark").
5        14.     Clinical Ink's homepage prominently displays a mark identical to the LUMENIS
6 Marks.  Clinical Ink's mark utilizes the same shade of blue and white and the same font as the
7 LUMENIS Marks:

| Examples of Plaintiffs' LUMENIS mark | Examples of Defendant's Infringing Mark |
|---|---|
|  |  |
|  |  |

16        15.     Clinical Ink's website likewise further abounds with uses of the Infringing Mark.
17 For example, the following are from Clinical Ink's website:
18        a.      "The Lumenis™ eSource platform and ongoing support specialists deliver real-time
19                data for making critical decisions quickly and confidently, giving clinical sites the
20                tools they need to improve operational efficiencies, connect to critical site activity,
21                and make confident decisions — faster."
22        b.      "Lumenis' complete integration of data from source to submission provides greater
23                certainty and gives sponsors the opportunity to build and conduct patient-centric
24                studies that bring in real results."
25        c.      "With the Lumenis platform, we build mobile applications using a unique graphical
26                study builder tool and a configuration-based approach."
27        d.      "Designed to blend the simplicity of paper with the innovation and ease of new
28                technology, Lumenis™, a clear and connected eSource Ecosystem, quickly converts

1 an electronic tablet's handwritten numbers and selected dates to standardized data items in real time and automatically saves your work for worry-free clinical operations and easy decision-making."

  e. "The Lumenis platform captures clean, high-quality data electronically at the time of the patient visit to give sponsors immediate access to study data and eliminate the delays and errors that typically occur with the traditional paper source and EDC process."

16. Clinical Ink filed a trademark application with the USPTO, having US Serial Number 88/752,239 for the identical word mark LUMENIS on January 9, 2020.

17. Clinical Ink seeks to obtain protection for this identical mark for various software services utilized in the healthcare industry.

18. Lumenis served a cease and desist letter upon Clinical Ink on August 23, 2020 asserting that its mark infringed upon the LUMENIS Marks.

19. Clinical Ink responded on September 3, 2020 denying the infringement and rejecting Lumenis' request to cease and desist.

20. As of today, Clinical Ink continues to use its infringing LUMENIS trademark in relation to its services.

21. Clinical Ink's use of the LUMENIS Marks in a related healthcare industry has significantly harmed Lumenis.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**
**LANHAM ACT (15 U.S.C. § 114 et. Seq.) and COMMON LAW**

22. Plaintiffs incorporate by reference all other paragraphs of this Complaint.

23. Clinical Ink's Lumenis mark is used in connection with its sale, offering for sale, distribution or advertising of its goods and/or services.

24. Defendant's goods and/or services were sold in the United States in interstate commerce.

25. Such sales knowingly and willfully infringed Plaintiffs' LUMENIS Marks.

26. Clinical Ink's use of the Infringing Mark is likely to cause confusion in the marketplace and is likely to cause mistake or to deceive consumers.

27. Indeed, the Infringing Mark is identical to the protected LUMENIS Marks and Defendant has elected to utilize both the same color and the same font as used by Lumenis.

28. As a direct and proximate result of Clinical Ink's trademark infringement, Plaintiffs have been damaged within the meaning of 15 U.S.C. § 1114 et seq.

29. Plaintiffs have suffered damages in an amount to be established after proof at trial or in the statutory amount.

30. Plaintiffs are further entitled to disgorge Defendant's profits for its willful sales and unjust enrichment.

31. This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendant's acts were malicious, fraudulent, deliberate and willful, and taken in bad faith.

32. Plaintiffs' remedy at law is not adequate to compensate for injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to temporary, preliminary and permanent injunctive relief.

### SECOND CLAIM FOR RELIEF
### UNFAIR COMPETITION
### LANHAM ACT (15 U.S.C. § 1125)

33. Plaintiffs incorporate by reference all other paragraphs of this Complaint.

34. Defendant has willfully and consciously committed trademark infringement by using in commerce one or more marks that are identical and confusingly similar to the LUMENIS Marks on or in connection with the sale of goods and services, in a way that is likely to cause confusion, mistake, or deception as to whether Defendant has a connection with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods.

35. The use of infringing trademarks in marketing, and the other actions alleged herein, constitute proscribed acts of unfair competition.

36. The harm of such unfair competition outweighs its utility, has the effect of confusing and deceiving consumers, and trades off the goodwill of Plaintiffs. It also has the tendency to dilute the exclusivity of Plaintiffs' unique brand.

37. On information and belief, such unfair competition was designed specifically to, and willfully does, maximize the likelihood of confusion.

38. Plaintiffs have suffered resulting damages and Defendant has enjoyed resulting profits from the confusion, in an amount to be established upon proof at trial.

39. Defendant's acts of unfair competition have caused and will continue to cause damage to Plaintiffs in an amount to be determined at trial.

40. Plaintiffs are entitled to damages, and further entitled to an accounting of infringing profits as unjust enrichment, for willfulness or for deterrence.

41. As a direct and proximate consequence of the unfair competition complained of herein, Lumenis has been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendant from committing further acts of infringement.

**THIRD CLAIM FOR RELIEF**
**UNFAIR COMPETITION**
**COMMON LAW and CAL. BUS. & PROF. CODE (§ 17200 et seq.)**

42. Plaintiffs incorporate by reference all other paragraphs of this Complaint.

43. In advertising its services, Defendant further misrepresented the character of its business by suggesting a connection with Lumenis.

44. Each of Defendant's acts and omissions alleged herein, including trademark infringement and unfair competition, harms Plaintiffs and constitutes unlawful, unfair, or fraudulent business acts or practices, unfair, deceptive, untrue, or misleading advertising, and/or false advertising within the meaning of Section 17200 et seq. of the California Business and Professions Code and under the common law.

45. Defendant has engaged in unfair competition by the acts alleged herein.

46. Defendant's acts and omissions alleged herein constitute unfair business practices because the harm of these business practices outweighs the utility, if any, of these business practices, and are unscrupulous and injurious to consumers.

47. Defendant's acts and omissions alleged herein constitute unlawful business practices because Defendant's conduct is forbidden by multiple laws, including but not limited to 15 U.S.C. § 1125(a), as well as the common laws, laws of the State of California and laws of the United States.

48. Defendant's acts and omissions alleged herein constitute fraudulent business practices because consumers are likely to be deceived.

49. Defendant has engaged in these activities willfully and consciously.

50. Defendant's activities have caused and will continue to cause damage to Plaintiffs, in an amount to be determined at trial.

51. As a direct and proximate consequence of the infringement complained of herein, Plaintiffs have been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendant from committing further acts of infringement.

52. Plaintiffs are informed and believe, and on that basis allege that Defendant's actions were adoptively willful, willfully blind, intentional, malicious, deliberate and in bad faith, such that punitive damages are justified and reasonable, at an amount to be proved at trial, and so as to also qualify for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Lumenis demands the following relief:

1. Judgment in favor of Plaintiffs and against Defendant;

2. An order temporarily, preliminarily, and permanently enjoining Defendant's trademark infringement and unfair competition;

3. Damages in an amount to be determined at trial, including Defendant's unjust enrichment and profits, with such damages trebled for willful infringement;

4. Exemplary and punitive damages;

5. Pre-judgment interest and post-judgement interest at the legally allowable rate on all

1  amounts owed;

2      6.    Costs, expenses and fees under 15 U.S.C. § 1117(a);

3      7.    Restitution;

4      8.    Statutory damages as allowed by law;

5      9.    Attorney's fees under 15 U.S.C. § 1117(a) as an exceptional case; and

6      10.    Such other and further relief as this Court may deem just and proper.

Dated:  October 27, 2020

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: /s/ Andrew D. Skale
    Andrew D. Skale
    Kara M. Cormier

Attorneys for Plaintiffs
LUMENIS, INC. and LUMENIS LTD.

**DEMAND FOR JURY TRIAL**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Dated: October 27, 2020

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC

By: /s/ Andrew D. Skale
Andrew D. Skale
Kara M. Cormier

Attorneys for Plaintiffs
LUMENIS. INC and LUMENIS LTD.